**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-6641**

─────────────

SHAWN GERMAINE FRALEY,

       Plaintiff - Appellant,

   v.

CORRECTIONAL OFFICER DAVIS,

       Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:18-ct-03158-M)

─────────────

Submitted:  July 28, 2022                                        Decided:  August 9, 2022

─────────────

Before AGEE and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Shawn Germaine Fraley, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Germaine Fraley appeals the district court's order granting Officer Brian Davis summary judgment on Fraley's 42 U.S.C. § 1983 action. On appeal, Fraley argues that the district court erred in finding that there were no genuine disputes of material fact regarding his excessive force claim. For the following reasons, we agree that the district court erred in granting summary judgment to Davis on that claim, and we vacate the district court's order as to that claim and remand for further proceedings.[1]

We review de novo a district court's grant or denial of a motion for summary judgment, "review[ing] the facts in the light most favorable to" the nonmoving party and "drawing all reasonable inferences in his favor." *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in its favor." *United States v. 8.929 Acres of Land*, 36 F.4th 240, 252 (4th Cir. 2022) (cleaned up).

Excessive force claims brought by convicted prisoners are governed by the Eighth Amendment's prohibition against cruel and unusual punishment. *See Kingsley v.*

---

[1] The district court construed Fraley's complaint to raise a claim regarding the conditions of his confinement after the excessive force incident, and the court granted Davis summary judgment on that claim as well. Fraley does not challenge the district court's disposition of this claim in his informal brief and therefore has forfeited consideration of it on appeal. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (limiting our review to issues raised in informal brief). We therefore affirm the court's order as to that claim.

2

*Hendrickson*, 576 U.S. 389, 400 (2015).  Such claims "involve[] both an objective and a subjective component.   The objective component measures the nature of the force employed, asking whether that force was sufficiently serious to establish a cause of action." *Dean*, 984 F.3d at 302 (internal quotation marks omitted).  For the subjective component, the plaintiff must establish that the defendant acted with "wantonness in the infliction of pain," which "turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 302 (internal quotation marks omitted).  This question asks whether an officer was "motivated by an immediate risk to physical safety or threat to prison order," rather than an intent "to punish or retaliate against an inmate for his prior conduct."  *Id.* (cleaned up).

For the subjective component of the analysis, we apply "a non-exclusive, four-factor balancing test."  *Thompson v. Virginia*, 878 F.3d 89, 99 (4th Cir. 2017).  These factors ("the *Whitley* factors") include

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) any efforts made to temper the severity of a forceful response.

*Dean*, 984 F.3d at 302 (internal quotation marks omitted).  The key question is "whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur."  *Whitley v. Albers*, 475 U.S. 312, 321 (1986), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010).  In making this assessment, "we owe officers wide-ranging deference in their determinations that force is required to induce

3

compliance with policies important to institutional security." *Brooks v. Johnson*, 924 F.3d 104, 113 (4th Cir. 2019) (internal quotation marks omitted). Nevertheless, summary judgment is not appropriate "[i]f a reasonable jury could find, based on inferences drawn under the *Whitley* factors or other evidence, that correctional officers used force maliciously to punish or retaliate against an inmate." *Dean*, 984 F.3d at 302-03.

Here, the incident in question involved Davis' use of pepper spray while Fraley was in a holding cell. Davis and a fellow officer assert that Davis deployed pepper spray after Fraley refused at least one order to stop exposing himself and urinating in the holding cell. Fraley, in contrast, averred that he did not expose himself to the officers, that he did not refuse to comply with the officers' orders, and that Davis deployed the pepper spray immediately upon entering the holding cell. The district court discounted Fraley's account of the incident, finding that it was "blatantly contradicted" by the record, which includes video footage of the incident. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Our review of the record leads us to conclude that Fraley's account of the incident is not so obviously contradicted by the record to justify the district court declining to view the facts in the light most favorable to Fraley when ruling on Davis' motion. As we have previously explained, such a finding is not appropriate when "documentary evidence, such as a video, offers [only] *some* support for a governmental officer's version of events," *Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 276 (4th Cir. 2011), "or even makes it

4

unlikely that the plaintiff's account is true," *Harris v. Pittman*, 927 F.3d 266, 276 (4th Cir. 2019) (internal quotation marks omitted). Rather, it is "only" appropriate "when there is evidence . . . of undisputed authenticity that shows some material element of the plaintiff's account to be blatantly and demonstrably false." *Id.* (internal quotation marks omitted). Here, it is unclear from the video in the record whether Fraley exposed himself to or urinated in front of Davis, or whether Davis ordered Fraley to stop doing so before resorting to the use of force to gain Fraley's compliance. Accordingly, viewing the video and the rest of the record in the light most favorable to Fraley, it is unclear whether Fraley posed a threat to prison order at the point when Davis arrived at the holding cell. Thus, although we owe Davis "wide-ranging deference" in determining that force was required to induce Fraley's compliance with prison policy, *Brooks*, 924 F.3d. at 113 (internal quotation marks omitted), we conclude that, viewing the evidence in the light most favorable to Fraley, a reasonable jury could question "the need for the amount of force that . . . was used," *id.* at 117 (cleaned up), and, specifically, whether Davis' use of force was "motivated by an immediate risk to physical safety or threat to prison order," *Dean*, 984 F.3d at 302 (cleaned up).

Accordingly, we affirm the district court's order as to Fraley's conditions of confinement claim, vacate the court's order as to the excessive force claim, and remand for further proceedings.[2] We dispense with oral argument because the facts and legal

---

[2] By this disposition, we express no view on the ultimate disposition of Fraley's claim.

5

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*